UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **DONNA RICARD** | **CIVIL ACTION** |
| **VERSUS** | **NO. 21-597-SDD-SDJ** |
| **SAM'S EAST, INC., et al.** | |

### ORDER

Before the Court is a Motion to Compel (R. Doc. 14) filed by Defendants Walmart Inc. and Sam's East Inc. on May 17, 2022. Plaintiff Donna Ricard has not responded to the Motion to Compel, and the deadline for filing an opposition has passed. *See* LR 7(f) (responses to motions are due within 21 days). As such, the Court considers the Motion unopposed.

In their Motion, Defendants seek an order compelling Plaintiff "to produce her answers to Defendants' Interrogatories and Request for Production of Documents" propounded to Plaintiff on October 11, 2021.[1] As alleged by Defendants, Plaintiff has not provided any answers or objections to their discovery requests, and the time for doing so has long expired.[2] While Plaintiff is required to comply with her discovery obligations, the Court cannot, at this point, compel Plaintiff to do so, as the requirements of Federal Rule of Civil Procedure 37 have not been met.

Rule 37 mandates that a motion to compel "must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). In the Motion, defense counsel "certifies that pursuant to F.R.C.P. 37(a)(5), via email correspondence to Plaintiff's counsel, a telephone conference was set for December 6, 2021, to discuss Plaintiff's

---

[1] R. Doc. 14 at 1.
[2] *Id.*

failure to respond to Defendants' discovery in a timely manner" and that defense counsel "called Plaintiff's counsel on December 6, 2021, to conduct the conference, but Defendants are still not in receipt of the discovery responses."[3] However, it is unclear to the Court from the language of this certification either whether Plaintiff agreed to the December 6, 2021 date or whether a Rule 37 conference actually took place. And Defendants' Motion does not provide any further clarification. This is not sufficient to meet the requirements of Rule 37. *See Roberts v. Lessard*, No. 17-7, 2017 WL 5985569, at *2 (M.D. La. Dec. 1, 2017) ("The record indicates that Plaintiff's counsel's first attempt at setting a discovery conference was a terse email to defense counsel…declaring that counsel 'will conduct' a conference on certain unidentified discovery responses. This is not a good faith attempt to schedule a discovery conference."); *Robinson v. Potter*, 453 F.3d 990, 995 (8th Cir. 2006) ("Because Robinson cannot show the parties attempted to confer in good faith to resolve the discovery request, the district court did not abuse its discretion in denying the motion."); *Palmisano, L.L.C. v. N. Am. Capacity Ins. Co.*, No. 19-12755, 2020 WL 6204311, at *3 (E.D. La. Apr. 14, 2020) ("This Court recognizes that a single correspondence is usually inadequate as a substitute for a Rule 37 conference."); *Compass Bank v. Shamgochian*, 287 F.R.D. 397, 400 (S.D. Tex. 2012) (denying motion to compel for failure to satisfy Rule 37's requirement of a good faith conferral or attempt to confer); *Dimitric v. Tex. A & M Univ.*, No. 06-107, 2007 WL 1090982, at *1 (S.D. Tex. Apr. 9, 2007) ("Prior to filing this Motion, Dimitric did not confer, except through an…e-mail, with defense counsel.... For this reason, alone, his Motion should be denied."); *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001) (Rule 37(a)(1)'s meet-and-confer "prerequisite is not an empty formality").

As such, based on Defendants' failure to comply with Rule 37,

---

[3] R. Doc. 14-2 at 1.

**IT IS ORDERED** that the Motion to Compel (R. Doc. 14) filed by Defendants Walmart Inc. and Sam's East Inc. is **DENIED without prejudice**.

Signed in Baton Rouge, Louisiana, on July 7, 2022.

*[signature: Scott Johnson]*

**SCOTT D. JOHNSON**
**UNITED STATES MAGISTRATE JUDGE**